WASHBURNE *v.* WETMORE *et al.*

*(Supreme Court, General Term, First Department.  May 24, 1889.)*

EVIDENCE—WEIGHT AND CONCLUSIVENESS.

Where the main question in dispute is as to whether defendant executed a written assignment, alleged to be lost at the time of the trial, and plaintiff testifies positively to that effect, and is corroborated by many circumstances, while the defendant can only state that he has no recollection of signing such an instrument, the preponderance of evidence is with plaintiff, and a finding in his favor will not be disturbed.

Appeal from special term, New York county.

Action by Edwin D. Washburne, administrator, etc., of Emily V. Washburne, deceased, against Benjamin C. Wetmore, administrator, etc., of William C. Wetmore, deceased, and George J. Maddox, individually and as administrator, etc., of Louise Maddox, deceased, to recover money deposited with William C. Wetmore in his life-time by Louise Maddox, the mother of George J. Maddox and Emily V. Washburne. Judgment for plaintiff. Defendants appeal.

Argued before Van Brunt, P. J., and Bartlett and Macomber, JJ.

*Williamson & Reynolds* and *John Bright Stevens,* for appellants. *Taylor & Parker,* for respondent.

Macomber, J. Louise J. Maddox, the testatrix of the defendant George J. Maddox, died in October, 1878. Some time prior thereto she deposited with William C. Wetmore, the testator of the defendant Benjamin C. Wetmore, the sum of $4,000 for investment. She left two children surviving her, one of them, the plaintiff's intestate, Emily V. Washburne, and the other the defendant George J. Maddox. By her last will she appointed these two children her executors, and made them her only devisees and legatees in equal shares. There being no debts against her estate, all the property was deemed to pass under the provisions of the will directly to the legatees and devisees. The defendant George J. Maddox assigned to Emily V. Washburne in her lifetime all his interest in the trust fund of $4,000 held by Wetmore, in consideration of various sums of borrowed money which he had received from Emily V. Washburne. The written evidence of the assignment having been lost or withheld by persons not in the interest of the plaintiff, the main question at the trial was whether or not the assignment above mentioned of Maddox's half interest of the trust fund had been established. There was in behalf of the plaintiff positive and unequivocal testimony given to that effect, and it was fortified by many important attending circumstances and incidents. The testimony of the defendant Maddox does not constitute a denial of the existence of such an instrument, but it is merely to the effect that he had, at the time of the trial, no present recollection that he had signed such a paper. The findings of the trial judge proceed upon a clearly-established preponderance of the evidence, and cannot be disturbed. The exceptions to the rejection and reception of the evidence have all been considered, and the disposition of the matters therein by the trial judge was in all respects correct. The judgment should be affirmed, with costs. All concur.